WALTERS v. LAURENS COTTON MILLS.

1. RES JUDICATA—ACTION PENDING.—An action by one plaintiff against one defendant is not a bar to an action by the same and another plaintiff against the same and another defendant on the same and another cause of action.   MR. CHIEF JUSTICE MCIVER, *dissenting*.

2. PUNITIVE DAMAGES—NONSUIT.—There was evidence here tending to show facts upon which punitive damages may be based.   Nonsuit properly refused.   *Divided Court.*

3. .EXCEPTIONS pointing out no specific error will not be entertained by this Court.

4. SERVICE BY MAIL.—A paper which can be served by mail is served when deposited in the post office, properly addressed and postage prepaid.

Before ALDRICH, J., Laurens, October, 1897.   Affirmed.

Action by J. C. Walters and Mollie A. Walters *v.* Laurens Cotton Mills and W. E. Lucas, on the first cause of action, for possession of personal property and damages for detention; on the second cause of action, punitive damages for wrongful and malicious seizure.   From judgment for plaintiff, defendants appeal.

*Mr. N. B. Dial,* for appellants, cites: *Pending action bar to the second:* 43 S. C., 381; 42 S. C., 489; 50 S. C., 120; 51 S. C., 134.   *There being no malice, wantonness or oppression proved, nonsuit should have been granted as to second cause of action:* 35 S. C., 475.   *Judge charged on facts, and expressed an opinion to the jury:* 47 S. C., 488; 48 S. C., 257; 49 S. C., 285, 556.   *When defendants acted without malice, and with no intent to degrade plaintiffs, they are not entitled to punitive damages:* 35 S. C., 475, 493.

*Mr. John J. McMahan,* contra, cites: *Notice of appeal not served in time:* Code, 345; 31 S. C., 510; 36 S. C., 599; 11 S. C., 93. *Provisions of service by mail does not apply:* Code, 410, 412, 413, 418; 12 S. C., 562. *Statute must be strictly complied with:* 7 S. C., 344. *Exceptions too general:* 30 S. C., 170; 43 S. C., 99; 48 S. C., 434; 49 S. C., 446, 355. *Paper not in "Case" cannot be referred to:* Rules Supreme Court, X., IX.; 41 S. C., 88. *Action in Magistrate Court no bar to this:* Code, 197, 146; 15 S. C., 576; 17 S. C., 40; 24 S. C., 481; 44 S. C., 22. *Motion to amend properly refused:* 13 S. C., 23; 18 S. C., 315; 9 S. C., 334. *Nonsuit will be refused if any evidence:* 26 S. C., 264; 29 S. C., 100. *Decision of Circuit Judge on motion for new trial upon evidence is final:* 11 S. C., 591; 29 S. C., 324.

Sept. 13, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE. The plaintiffs having recovered a judgment for the recovery of certain property, and also a judgment for punitive damages, the defendants now appeal to this Court for a reversal of such judgment. Quite a number of the exceptions raise the question as to whether the defendant was not entitled to introduce testimony, both oral and written, relating to a suit of Mollie Walters, who is one of the plaintiffs here, against the defendant, the Laurens Cotton Mills, before a magistrate, for the recovery of the same personal property referred to in the action at bar. The Circuit Judge refused to allow such testimony to be admitted. It appears from the "Case" that the suit in the magistrate's court referred to was between one of the plaintiffs only and one defendant, and sought to recover personal property alone; while in the case at bar the plaintiffs are J. C. Walters and Mollie Walters, the defendants are the Laurens Cotton Mills and W. E. Lucas; and the object of the suit at bar is not only the recovery of the personal property, but also punitive damages. The law is well settled that, in order for the plea of the pendency of another action to defeat another suit, three

things must appear: 1. The parties must be the same.  2. Identity in the thing sued for.  3. Identity in the cause of action.  These conditions are not answered.  Hence there was no error in the Circuit Judge, as here alleged in the 1st, 2d, 3d, 5th, and 6th exceptions.

Again, the appellants insist that the Circuit Judge erred in refusing to grant a nonsuit as to plaintiffs' second cause of action, which was for punitive damages.  It is now settled law that, if there is any evidence—legal evidence— tending to prove the cause of action as alleged by plaintiff, it is not the duty of the Judge to grant a nonsuit; the issue must go to the jury.  By looking into the testimony, as it appears in the "Case," it seems that the defendants· forcibly took charge of plaintiffs' property just as they were in the act of leaving the town of Laurens to seek work elsewhere, and it was alleged that such seizure was prompted by a desire that plaintiffs should be thereby forced to remain and labor with the defendants. Of course, these were questions of fact for the jury.  Punitive damages are awarded in our Courts.  *Spellman* v. *R. R. Co.*, 35 S. C., 475, and cases therein cited.  There was no error, as here complained of.

The defendants' 8th, 9th, 10th, and 11th exceptions are as follows: "VIII. Because he erred in charging plaintiffs' seventh request.  IX. Because he erred in not charging defendants' first, second, and third requests.  X. Because he erred in charging on the facts, in violation of the Constitution of this State.  XI. Because he erred in not setting the verdict aside and ordering a new trial."  We will positively decline to pass upon these requests, because they fail to comply with the requirements of our rules, in this, that they each fail to specify and set out what it is the appellants desire us to consider.  Again and again this Court has directed the attention of counsel to this matter.  Possibly a refusal by us to permit such disregard of rules may cause these rules to be noticed by the bar.

It will be noticed that so far we have not considered the respondents' point that the Court is without jurisdiction to entertain the appeal, because notice of appeal was not served upon the respondents' attorney within ten days after the rising of the Court of Common Pleas when the judgment was rendered. Inasmuch as the appeal must be dismissed upon the merits, it might seem that our duty to pass upon this objection as to the jurisdiction did not exist. The Constitution requires this Court, however, to pass upon every question that fairly rises, or is presented by the record. We cannot agree with the respondents, for the following reasons briefly stated: It is in the power of the General Assembly to provide the method by which appeals are to be presented to this Court. The General Assembly has declared that this Court may disregard any errors in the preparation of papers for appeal, except the notice of appeal. This being so, we cannot be too careful in observing this requirement of the statute. Sec. 345 of our Code of Civil Procedure requires: "* * * and in all other appeals to the Supreme Court, the appellant or his attorney shall, within ten days after the rising of the Circuit Court, give like notice (written) of his intention to appeal to the opposite party or his attorney * * *." It will be observed that written notice to the opposing party or his attorney is required. So that, as to the service of this written notice, we must look elsewhere in the Code for guidance. Sec. 408 provides: "Notices shall be in writing, and notices and other papers may be served on the party or attorney, in the manner prescribed in the next three sections, when not otherwise provided by this Code of Procedure." We look in vain through the Code of Procedure for any other directions regulating the service of notices of appeal other than those fixed in sections 409, 410 and 411. Hence they apply. Sec. 469 substantially directs that in the event personal service of the notice is desired, how it shall be done. Sec. 410 provides: "Service by mail may be made when the person making the service and the person on whom it is to be made reside in

different places between which there is a regular communication by mail." The attorney for plaintiffs resided in the city of Columbia, in this State, and the attorneys for defendant resided in the city of Laurens, in this State, and there is a regular communication by mail between the two places just named. Sec. 411 provides: "In case of service by mail, the paper must be deposited in the post office, addressed to the person on whom it is to be served, at his place of residence, and the postage paid." It is admitted the notice was deposited by the appellant in the post office at Laurens, addressed to the attorney for respondents, at Columbia, S. C., postage prepaid, at 1 o'clock of the afternoon on the tenth day after the rising of the Court, but did not reach respondents' attorney at Columbia by mail until the eleventh day. This Court has decided, in the case of *Sullivan* v. *Speights*, 12 S. C., 562, that "the service was complete from the time the paper to be served is deposited in the post office, addressed to the person upon whom it is to be served, at the place of residence, with the postage paid." Hence we think we have jurisdiction to hear the appeal; but, as before remarked, it must be dismissed on the merits.

The members of this Court being equally divided in opinion, under the Constitution the judgment of the Circuit Court stands affirmed.

MR. JUSTICE GARY concurs in result.

MR. CHIEF JUSTICE McIVER *dissenting*. It seems to me that there are two grounds upon which a new trial should be granted in this case. 1st. Because of error in ruling out the testimony as to the action brought in the magistrate's court by the plaintiff, Mollie A. Walters, against these defendants for the recovery of the same goods sued for in this action. 2d. Because of error in refusing the motion for a nonsuit as to the second cause of action stated in the complaint.

While it may be quite true that the record of the former action was not competent as a bar to this action, for lack of the necessary identity of parties, yet it was competent,

as well as pertinent, to the question as to whether the goods sued for belonged to the plaintiffs jointly or to one of them separately.

As to the second ground, the allegation in the complaint upon which the second cause of action was based was that the defendants "forcibly, maliciously, and oppressively, with design to reduce plaintiffs to destitution and dependence, and thus to compel them to remain in the employ of the said corporation against their will, and to work for the said corporation upon its own terms," seized and carried away the goods sued for, and "detained the same unlawfully, maliciously, and oppressively, with design to intimidate their remaining employees, and deter them from exercising their rights as freemen to go at will, and pursuant to defendants' general policy and system of oppression and tyranny in that regard." I am unable to find any testimony whatever which even tends to sustain these allegations, or any one of them. On the contrary, the testimony of both of the plaintiffs tends to show that the whole controversy arose out of a dispute between the parties as to the amount the plaintiff, J. C. Walters, was due the company, and whether the goods taken were to stand as security for any amount that might be due; and, so far as I can perceive, there was not the slightest evidence that the defendants acted either maliciously or oppressively, or were actuated with any design to force the plaintiffs to remain in their employ.

For these reasons, thus briefly indicated, I am compelled to dissent.

MR. JUSTICE JONES. I agree with the Chief Justice that there was a total failure of evidence as to the second cause of action, and that the Circuit Court erred in refusing the motion for nonsuit as to that cause of action. On this ground there should be a new trial. I do not think there was error in the ruling of the Circuit Court as to the "record" of the magistrate's court. The defense was pendency of another action between the same parties for the

same cause of action.   The Circuit Court's ruling was based expressly on this defense, and as it is not disputed that the parties to both actions were not the same, the ruling was correct.   In this connection, it was not suggested that the record was competent as against Mrs. Mollie A. Walters on the question whether the property sued for belonged to Mrs. Walters alone or to her and her husband jointly. Later in the progress of the case, the Circuit Court expressly ruled that said record could be used to contradict Mrs. Walters' testimony.   On this line, appellant was not restricted in showing what Mrs. Walters did in the proceedings before the magistrate, and her affidavit therein as to her ownership of the property, &c., was introduced in evidence.