### 6890

### CRAIG v. UNITED STATES HEALTH AND ACCIDENT INS. CO.

1. INSURANCE—NOTICE.—Provision in an insurance contract that written notice of any illness for which claim can be made must be given at Saginaw, Mich., within ten days from beginning of illness, is not unreasonable.

2. SERVICE OF NOTICE.—Mailing notice within time limited for service of notice required by insurance policy is sufficient service.

3. IBID.—When the time within which an act is to be done is more than one week, Sunday is included.

4. INSURANCE—NOTICE.—*Under provisions in insurance contract requiring notice within ten days from beginning of illness, and providing ilness for which claim can be made to be: (1) where illness lasts for more than a week, (2) where insured is continuously confined to bed, (3) where insured is regularly attended by a physician, notice within ten days from day physician begins to visit insured is within the terms of the policy.*

Before DANTZLER, J., Lancaster, March term, 1907. Affirmed.

Action by W. D. Craig against United States Health and Accident Insurance Company. From circuit order affirming judgment of magistrate, defendant appeals.

*Mr. Ernest Moore,* for appellants, cites: *Failure to give notice, as required, avoids the policy:* 1 Cyc., 274; 60 At. R., 1069; 25 Pa. St., 559; 46 S. E., 678; 36 S. E., 764; 86 S. W. R., 491; 42 Fed. R., 653. *Sunday is included if act is to be done in more than one week:* 87 ·Wis., 152; 85 Ky., 88; 24 Am. D., 463; 38 How., 449; 2 McC., 436; 4 Strob.,

486. *Notice to agent here within time was not notice to Company:* 36 S. C., 764; 78 Pac., 135.

Mr. W. P. Robinson, contra, cites: *Provision requiring notice in Michigan in ten days is unreasonable:* 46 S. C., 495; 78 S. C., 77. *Substantial compliance with terms of policy as to notice is sufficient:* 36 S. E., 764; 1 Cyc., 274; 88 S. W., 125; 78 S. C., 433. *Service of notice by mailing within the time is sufficient:* 53 S. C., 155; 12 S. C., 562; Code of 1902, 848; 87 N. W., 546; 78 S. C., 73.

April 22, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff obtained from the defendant company a policy of insurance against accident and sickness, dated 21st February, 1906, which contained these provisions: "Or, at the rate of fifty dollars per month for the number of consecutive days, after the first week, that *the assured is necessarily and continuously confined within the house and therein regularly visited by a legally qualified physician by reason of illness * * * ; or if during convalescence immediately following said confinement, or by reason of any non-confining illness, the assured shall be wholly and continuously disabled from performing every duty pertaining to any business or occupation, and require the regular attendance of such physician, the company will pay him indemnity at one-fifth the above for a period not exceeding two consecutive months. * * * Written notice of any injury, fatal or not fatal, *or of any illness for which claim can be made,* must be given to the company at Saginaw, Michigan, *within ten days from date of accident or beginning of illness.* Failure on the part of the assured or the beneficiary to comply strictly with such notice requirement shall limit the liability of the company to one-fifth the amount which would otherwise be payable under this policy.

"An agent has no authority to change this policy nor to waive any of its conditions. Notice to or from any agent or knowledge acquired by him shall not be held to affect a change or waiver of this policy or any condition thereof. No assignment or change in this policy or waiver of any of its conditions shall be valid unless agreed to in writing by the president, vice-president or secretary of the company and indorsed hereon." We have italicized the words most important to the decision of the case.

In an action in a magistrate's court judgment in favor of the plaintiff was recovered for an illness. The plaintiff testified he became sick 16th August, 1906, and after being in bed thirty-one days, resumed work 10th October, 1906. The attendance of a physician did not begin until the 21st August. The plaintiff made no personal report of his illness to the insurance company until 28th September, 1906, but on 27th August he notified defendant's local collector, who, on the same day, mailed a letter to the company giving notice of the sickness.

We first consider the case on the theory adopted by the magistrate and the Circuit Court that the beginning of the illness contemplated by the policy was 16th August, the first day of plaintiff's sickness. The Circuit Court in affirming the judgment of the magistrate, held the provision of the policy above quoted, as to time in which notice of sickness should be given, to be without effect and void, because unreasonable.

We think this conclusion of the circuit judge was clearly erroneous. It concerns not only the constitutional rights, but in the highest degree the business prosperity of the people that freedom of contract should be preserved inviolate. It is true, freedom to contract is not unlimited, for the law-making branch of the government may impose such limitations as can be reasonably considered to be for the public health, safety or morals. *Rose* v. *Harlee,* 69 S. C., 527, 48 S. E., 541; *Johnson* v. *Spartan Mills,* 68 S. C., 339,

47 S. E., 7, 695; *Lawton* v. *Steele,* 152 U. S., 135. So, also, the judicial department of the government may refuse to enforce contracts recognized by the people at large as vicious in themselves and, therefore, opposed to public policy. But the General Assembly has not undertaken to forbid such a contract as the parties here made, and it is certainly not possible to point out any feature which could warrant the Court in declaring it vicious, and tending to the public detriment.

If the provision of the contract under consideration were improvident or foolish, that would be no ground for the courts to refuse to enforce it. Attempts by courts to relieve parties from onerous contracts merely because they have entered into them heedlessly and improvidently are not only without warrant of law, but against the public interest; for such attempts tend to impair that general confidence in the certainty of contractual relations upon which material prosperity depends. In addition to that, nothing so encourages and increases heedlessness and improvidence as the expectation of being relieved from their consequences.

But even if the Court could relieve against a contract merely because it contained clauses which, in the view of the Court, should be considered unequal or unreasonable, such judicial power could not be invoked in this case. The provision on which the defendant relies is not unreasonable, but, on the contrary, it is evident some such stipulation is necessary to the protection of the defendant, as an insurer against sickness, to enable it to investigate alleged illness, and thus protect itself against imposition. Of course the insured would be excused from giving the notice if, from sudden and extreme illness or other cause, it became impossible for him to comply with the contract. *Stickley* v. *Ins. Co.,* 37 S. C., 69, 15 S. E., 344; *Johnson* v. *Maryland Cas. Co.* (N. H.), 60 Atl., 1009; *Whalen* v. *Equitable Acc. Co.,* (Me.), 58 Atl., 1057; *Trav. Ins. Co.* v. *Thornton* (Ga.), 46 S. E., 678.

The respondent relies on the case *Woodmen Assoc.* v. *Pratt,* 89 Am. Rep., 777, as authority for the proposition that where the contract provides for notice within a specified time, notice within a reasonable time is sufficient. That decision is rested almost entirely on the authority of cases like *Edgefield Mfg. Co.* v. *Maryland Cas. Co.,* 78 S. C., 73, holding a requirement for immediate notice does not mean literally without the lapse of any time, but with all reasonable promptness under the circumstances. But none of these cases support the proposition that where the parties choose to fix the limit within which notice must be given the Court can annul their agreement, and substitute its own notion of what would have been a proper provision on the subject.

The plaintiff endeavors to sustain the judgment on the further ground that the notice, mailed on 27th August, was, in fact, within ten days from 16th August, 1906, the first day of any illness. The contract required written notice to be given "to the company at Saginaw, Michigan," but the deposit of the notice within the mail, properly addressed, within the required time, is in such case a sufficient compliance with the contract. The Court of Appeals of New York, the judges being divided, held it necessary to mail the notice in time for the company to receive it within the time limited. *Peabody* v. *Satterlee* (N. Y.), 52 L. R. A., 956. But this Court has decided mailing within ten days to be within time and to give rise to the presumption that the notice reached the company. *Sullivan* v. *Speights,* 12 S. C., 562; *Walters* v. *Laurens Cotton Mill,* 53 S. C., 155, 31 S. E., 1. To the same effect is *Manufacturers Etc. Ins. Co.* v. *Zeitinger* (Ill.), 81 Am. St. Rep., 105, 48 N. E., 179.

But notice was not received by the collector and by him given to the company until the 27th August, the eleventh day, excluding the 16th August, the day the sickness began.

The respondent contends, as the 26th was Sunday, it should not be counted. No authority has been cited to sustain this position, and we can find none. On the contrary, the rule is, as stated in *Salley* v. *Ry. Co.,* 76 S. C., 176: "Where an act is to be required to be done in a certain number of days exceeding a week, Sunday is not excluded from the computation; but if the number of days is less than seven, Sunday is not counted. *State* v. *Michel,* 78 Am. St. Rep. note, 379; 28 A. & E. Enc., 223." If the contract is to be construed as requiring the notice to be given within ten days after the beginning of any illness at all, then it would necessarily follow from the view we have taken of the law that the plaintiff's recovery would be limited to one-fifth of the full amount mentioned in the policy. But the notice required is "of any illness for which claim can be made." The contract expressly provides claim for the full amount can be made only for an illness having all these incidents: (1) It must have lasted longer than a week, the liability beginning with the second week; (2) the assured must be regularly and continuously confined within the house by reason of the illness; (3) the assured must, during the illness, be regularly and continuously visited by a legally qualified physician by reason of such illness. The regular attendance of a physician is requisite even for the one-fifth of the insurance payable for a non-confining illness. The visits of the physician did not commence until the 21st August, 1906, and, therefore, the illness for which the assured could make claim did not begin until that day. It follows that a notice given 27th August, 1906, was within the ten days' limit prescribed by the contract. This construction not only accords with the express language of the contract, but it affords to the defendant the means of protection from imposition, without subjecting it to the annoyance of receiving, and the assured to the hardship of sending notice of every indispo-

sition of a week's duration on the mere chance that it may develop into a sickness falling within the terms of the policy.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.