### 8636

ROYAL EXCHANGE ASSURANCE OF ENGLAND v. BEN-NETTSVILLE & CHERAW RAILROAD CO.

STUYVESANT INSURANCE CO. v. SAME.

1. THE SERVICE OF A COMPLAINT by mail, where the summons has been served regularly without the complaint, is good, if it is deposited in the postoffice on the twenty-first day after demand for service when the twentieth day falls on Sunday.
   MR. JUSTICE WATTS *dissents.*

2. PROCESS.—A COMPLAINT is a mere pleading and does not partake of the nature of "process." Process defined.

Before SHIPP, J., Marlboro, May, 1911. Reversed.

Two cases (1) Royal Exchange Assurance of London, England, *et al.* against Bennettsville and Cheraw Railroad Company, and (2) Stuyvesant Insurance Company *et al.* against same defendant. Plaintiffs appeal.

*Messrs. Jno. T. Seibels* and *James K. Owens,* for appellants.

*Messrs. Stevenson, Stevenson & Prince* and *Townsend & Rogers,* contra.

August 12, 1913.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.   These cases were heard together by consent, as they involve the same question.

The appeal is from an order of his Honor, the Circuit Judge, setting aside the service of the summons, on the ground that the complaint, which was not served with the summons, was not served upon the defendant's attorneys within the time required by the statute, after they had demanded that a copy be served upon them.

The summons stated that the complaint would be filed in the office of the clerk of the Court of Common Pleas.

The record contains the following statement of facts: "Each of the summons was served by the sheriff of Marlboro county on the agent of the defendant corporation on the 24th day of January, 1911.   On February 13, 1911, counsel for defendant gave notice of appearance and demanded that copy of the complaint in each case be served on them at the office of Stevenson, Stevenson & Prince, in Planters National Bank Building, Bennettsville, S. C., the service of which was accepted by J. K. Owens on said date, and on the 14th day of February, 1911, the said John T. Seibels received through the mail an envelope postmarked 'Bennettsville, February 13, 7:30 p. m.,' containing in each case a notice of appearance, and demand for service upon them for a copy of the complaint, signed by Messrs. Stevenson, Stevenson & Prince, defendant's attorneys, at their office, Planters National Bank Building, Bennettsville, S. C.

"On Monday, the 6th day of March, 1911, the twenty-first day after the said 13th day of February, 1911, the complaint in each case was prepared by the said John T. Seibels, plaintiff's attorney, and was deposited in the postoffice by his clerk and stenographer in the city of Columbia, in an envelope sealed and addressed to 'Messrs. Stevenson, Stevenson & Prince, Planters National Bank Building, Bennettsville, S. C.,' with sufficient postage prepaid.

"On Tuesday, March 7, 1911, defendant's counsel received by mail a copy of the complaint enclosed in an envelope postmarked 'Columbia, S. C., March 6, 1911, 9:30 p. m.'"

It will be observed, that the last day, upon which the plaintiffs had the right to serve a copy of the complaint, was Sunday.

Section 180 of the Code, is as follows: "A copy of the complaint need not be served with the summons. In such case, the summons must state, where the complaint is or will be filed, and if the defendant, within twenty days thereafter causes notice of appearance to be given, and in person or by attorney demands, in writing, a copy of the complaint, specifying the place within the State, where it may be served, a copy thereof must, within twenty days thereafter, be served accordingly, and after said service, the defendant has twenty days to answer." * * *

Section 445 of the Code provides that "the time within which an act is to be done, shall be computed by excluding the first day and including the last. If the last day be Sunday it shall be excluded."

Section 448 provides that "service by mail may be made, where the person making the service, and the person on whom it is to be made, reside in different places, between which there is a regular common carrier by mail."

Section 454 of the Code is as follows: "The summons and the several pleadings in an action, shall be filed with the clerk of Court, within ten days after the service thereof, respectively, or the adverse party, or proof of the omission, shall be entitled without notice, to an order from a Judge, that the same be filed, within a time to be specified in the order, or be deemed abandoned."

Section 456 of the Code provides that "the provisions of this chapter shall not apply to the service of a summons, or other process, or of any paper to bring a party into contempt."

The chapter just mentioned embraces sections 448 and 454 of the Code.

In *Salley* v. *Ry.*, 76 S. C. 173, 56 S. C. 782, the Court thus states the rule as to the computation of time, within which an act is to be done, when the last day is Sunday: "The general rule laid down in this country is, that where an act is required to be done, in a certain number of days, exceeding a week, Sunday is not excluded in the computation; but if the number of days is less than seven, Sunday is not counted." But the Court further says: "It has been held, however, that Sunday must always be counted when the time is prescribed by statute." Thus recognizing the principle, that the rule is inapplicable when the statute prescribes the manner, in which the computation shall be made. And, as section 445 of the Code provides that Sunday shall be excluded, if it be the last day within which an act is to be done, the rule in cases, where the number of days is less than a week, has no application.

It is also contended by the appellants' attorneys, that section 448 of the Code is inapplicable, for the reason that the service of a copy of the complaint, under the circumstances herein mentioned must be regarded as process—section 456 of the Code providing, that the provisions of the chapter embracing said section, should not apply to the service of a summons, *or other process.*

In *Walters* v. *Laurens Cotton Mills,* 53 S. C. 155, 31 S. E. 1, it was held that a notice of appeal, deposited in the postoffice on the tenth day properly addressed and postage prepaid, was served in accordance with the statute. See, also, *Craig* v. *Insurance Co.,* 80 S. C. 151, 61 S. E. 423, and *State* v. *Gandy,* 87 S. C. 523, 70 S. E. 163.

Section 454 of the Code recognizes the distinction between the summons and the pleadings, the latter of which—pleadings—embraces the complaint.

The word "process" has been variously defined, for the reason that the context, generally, plays an important part in its construction.

"The term 'process,' comprehends all mandates of a Court issued to its officer, commanding him to prepare certain service within his official cognizance; and embraces every writ, that may be necessary to institute or carry on an action or suit and to exercise the judgment of the Court." 23 Enc. of Law 160.

Process in the sense in which it is employed in the present title, means the writ, or other formal writing issued by authority of law, for the purpose of bringing defendant into a Court of law, to answer plaintiff's demands in a civil action, although in a more technical and limited sense, the term is frequently applied only to those writs or writings, which issue out of a Court. 32 Cyc. 419-421.

In its general acceptation it means a writ, a summons, or order issued in a judicial proceeding to acquire jurisdiction of a person or his property, to expedite the hearing of the cause to a final determination, or to enforce the judgment of the Court. A complaint is a mere pleading and does not partake of these characteristics.

It is the judgment of this Court that the order of the Circuit Court be reversed.

MR. JUSTICE WATTS *dissenting*. These cases were heard together on the appeal, and the facts involved and questions raised are identical. The summons in each case was served upon the defendant by the sheriff of Marlboro county, on . January 24, 1911. The complaints were not served with the summons. The summons stated that the complaint "will be filed in the office of the clerk of the Court for Common Pleas for said county," and required the answer to the complaint to be served on John T. Seibels, No. 5 Clark Building, Columbia, S. C., within twenty days after service, exclusive of the day of service. The summons was subscribed by

John T. Seibels and J. K. Owens, plaintiff's attorneys. Seibels lives at Columbia, S. C., and Owens at Bennettsville, S. C. On February 13, 1911, counsel for defendant gave notice of appearance, and demanded that copy of complaint in each case be served on them at the office of Stevenson, Stevenson & Prince, in the Planters National Bank Building, Bennettsville, S. C. The service of this notice was accepted by Mr. Owens on that date, and on February 14, 1911, Mr. Seibels received this notice, by mail, at Columbia, S. C. On March 6, 1911, twenty-one days after February 13, 1911, the complaints in each case were prepared and mailed with postage prepaid, to the defendant's counsel at Bennettsville, S. C., as demanded by the notice of appearance. The defendant's counsel received the complaints so mailed next day, March 7, 1911, and forthwith returned the same to plaintiff's attorneys, as not having been served within the time prescribed by law. The complaints were not filed in the clerk of Court's office for Marlboro county, until March 22, 1911. On March 20, 1911, the defendant's counsel served notice that they appeared solely for the purpose of said motion, and would move on the twenty-fourth day of March, 1911, before his Honor, Judge Shipp, "for an order setting aside the service of summons dismissing this case for failure to file the complaint in time, and also for failure to serve the same in time under the statutes of this State." After hearing the motion, his Honor passed an order setting aside the serving of the complaints in each case on the ground that it appeared that the complaints in each of the actions were not served within twenty days in accordance with the notice, and demand of copy thereof, or pursuant to the statute in such cases made and provided, nor were the complaints filed in the office of the clerk within twenty days as stated, would be done in the summons in said actions. Upon announcing the judgment of the Court a motion was made for leave to serve the complaints at that time on the ground of surprise. The Court denied this motion, as no notice was

given the other side that any such motion would be made, but without prejudice to plaintiff's applying to any proper authority for any relief they may be entitled to under any section of the Code. The appellants appeal, and challenge the correctness of his Honor's order.

We think the appeal should be dismissed, and while we can find no ruling in this State directly on the points at issue, we find the identical language in our Code, as in the New York Code: "A copy of the complaint need not be served with the summons, in such case the summons must state where the complaint is, or will be filed; and if the defendant, within twenty days thereafter, causes notice of appearance to be given, and in person, or by attorney, demands in writing a copy of the complaint, specifying a place within the State where it may be served, a copy thereof must, within twenty days thereafter, be served accordingly," etc., etc.

"In ordinary cases twenty days are allowed after demand for service of copy of complaint, where defendant's attorney served notice of retainer, and demanded complaint at two different times, for several defendants, and after twenty days from the first service but not the last, moved to dismiss the complaint for want of service, held that the defendant might move on the proof of service of the first notice, and demand without waiting for the expiration of twenty days from the last service." *Luce* v. *Trumpert,* 9 How. 212.

"An order cannot be granted *ex parte* after time of serving it (the complaint) has expired giving the plaintiff further time to serve his complaint. Notice must be given, or an order to show cause." *Stevens* v. *Moore,* 4 Sandf. 674.

"Where the complaining party should file his pleading within a specified time, or where either party has placed his adversary in such position as to make it a duty to plead, it is requisite, that unless further time be granted, the required act should be fully performed, within the time limited, whether that time be prescribed by statute, general rules of

Court, or rule, or order to declare or plead." Ency. of Pleading and Practice, vol. 21, page 699.

Reference to footnotes made from South Carolina cases sustain this doctrine. *McBryde* v. *Floyd,* 2 Bail. 209; *Stevens* v. *Thayer,* 2 Bay; *Kennedy* v. *Smith,* 1 Brev. 203; *Murphy* v. *Sumner,* 1 Hill 216; *Wright* v. *Higginbottom,* 1 Nott. and Mc., page 8; *Perry* v. *Richardson,* 3 Rich Law 60; *State Bank* v. *Tone,* 2 Spears 501.

I think judgment should be affirmed, however, without prejudice to the right of the plaintiffs-appellants, to apply to the Circuit Court for leave to serve the complaint *nunc pro tunc* upon such terms as the Court may impose as provided for in Judge Shipp's order.