## 9242

### JEFFERSON v. SOUTHERN EXPRESS CO.

#### (87 S. E. 209.)

1. INTOXICATING LIQUORS—CARRIAGE OF LIQUOR—REFUSAL TO DELIVER—DEFENSES.—A carrier cannot escape liability for refusal to deliver intoxicating liquors to a minor on the ground that such delivery was unlawful under Cr. Code 1912, sec. 853, which prohibits only delivery to a minor by a dispenser.

2. INTOXICATING LIQUORS—CARRIAGE OF LIQUOR—REFUSAL TO DELIVER—LIABILITY—DEFENSES.—A carrier cannot, where it admits the identity of the consignee with the plaintiff, escape liability for refusal to deliver intoxicating liquors on the ground that delivery was prohibited by Criminal Code (Act March 4, 1909, c. 321, sec. 238, 35 Stat. 1136, U. S. Comp. St. 1913, sec. 10408), prohibiting delivery of intoxicating liquors to any other person than the consignee, except on a written order, or to a fictitious person.

3. INTOXICATING LIQUORS—CARRIAGE OF LIQUOR—REFUSAL TO DELIVER—LIABILITY.—In the absence of statute, a carrier cannot refuse to deliver intoxicating liquors to a minor.

4. APPEAL AND ERROR.—A question not made on Circuit will not be considered on appeal.

5. CARRIERS—FAILURE TO DELIVER FREIGHT—DISMISSAL OF COMPLAINT—WHEN PROPER.—In an action against a carrier for refusal to deliver freight to the consignee, though there was no evidence of the wilfulness claimed, it was error to dismiss the entire complaint.

Before BOWMAN, J., Greenwood, April, 1914.    Reversed.

Action by Arthur Jefferson, an infant, by Elijah Jefferson, his guardian *ad litem,* against Southern Express Company. From order of nonsuit, the plaintiff appeals.

*Mr. D. H. McGill,* for appellant, cites: *As to issue for jury:* 61 S. C. 218; 63 S. C. 96; 65 S. C. 122 and 440. *Nominal damages:* 4 Enc. Ev. 4. *Duty of carrier to deliver:* 4 R. C. L. 819, 935, 858; Carriers, secs. 275 and 392; 75 S. C. 360; 88 S. C. 7; 91 S. C. 486; 90 S. C. 308; 5 R. C. L. 227; Civil Code, sec. 2570.

*Messrs. Grier, Park & Nicholson,* for respondent, cite: Crim. Code, secs. 794, 853; 96 S. C. 383; Fed. Penal Code, sec. 238.

December 1, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The issue of law is, whether an express company at Greenwood, South Carolina, which has carried from Jacksonville, Florida, to Greenwood, two quarts of whiskey worth two dollars, directed to the plaintiff, may refuse a delivery to him upon the ground that the consignee was not yet twenty-one years of age; and may refuse a delivery to the plaintiff's father upon the same ground.

It is true the plaintiff is a minor, as the suit here shows upon its face.

The action is for a tort arising out of the refusal, and is for five hundred ($500) dollars damages.

The complaint alleges also that the defendant's refusal to deliver was wilful and malicious.

. The Circuit Court sustained the defendant's view of the law and directed a nonsuit in *pro forma* order. The plaintiff has appealed and has stated five exceptions.

There is only one chief issue, and that is, was the express company justified in its refusal, and upon the grounds it gave for the refusal.

The company now relies for its excuse first upon section 853 of the Code of Laws of this State. That statute has no relevancy to the circumstances of this case.

It was made to govern dispensers in the sale of whiskey.

2    The company next relies upon section 238 of the Federal laws. That section is this:

"Any * * * express company * * * who shall knowingly deliver * * * to any person other than the person to whom it has been consigned, unless upon the written order in each instance of the *bona fide* consignee, or to any fictitious person, or to any person under any fictitious name, any

spirituous * * * liquors shall be fined not more than five thousand ($5,000) dollars, or imprisoned not more than two years."

That statute has no relevancy to the circumstances of the case.

There was no denial by the company that the plaintiff was other than the plaintiff who was the named consignee. The company in effect admitted the plaintiff's identity. There was no occasion for a written order. The refusal was made because the plaintiff was a minor, and not because he was a fictitious person.

2. Independent of the statute, the company was wrong to decline delivery because the plaintiff was a minor.

If A should leave a horse at an innkeepers to be delivered by the innkeeper to B, the innkeeper could not refuse to deliver because B was a minor. For a delivery the innkeeper would not be liable to A; he has but carried out A's direction.

For a delivery the innkeeper would not be liable to B; B would be estopped to say he had not received the horse.

The case at bar is the same.

3. The respondent assigns here another ground for sustaining the order below, and that is there was no proof of the value of the whiskey.

That was not one of the four grounds assigned before the Circuit Court for granting the order, and it cannot be considered here.

4. But we think there was no evidence at this trial of wilfulness.

The order, however, dismissed the entire complaint. There must be a new trial at all events. The evidence at the next trial may show wilfulness. That issue which lies in the future is, therefore, not now finally adjudged.

It is ordered that the direction for nonsuit be set aside, and the cause is remanded for another trial.

MESSRS. JUSTICES HYDRICK and WATTS concur in the opinion of the Court.

MR. CHIEF JUSTICE GARY, *concurring in part.* The complaint alleges two causes of action. One cause of action being for the wrongful refusal of the defendant to deliver a package containing two quarts of whiskey addressed to the plaintiff, and actual damages for such refusal; the other, being for punitive damages. The two causes of action are separate and distinct, and as there is no testimony to sustain the cause of action for punitive damages, it should not be remanded for a new trial.

MR. JUSTICE FRASER, *dissenting.* I cannot concur in the opinion of the majority. Section 794, Cr. Code of 1912, makes a sweeping prohibition, and says:

"It shall be unlawful for any person, firm, corporation or association within this State to * * * deliver * * * any spirituous, malt, vinous, fermented, brewed or other liquors and beverages, or any compound or mixture thereof, which contain alcohol and is used as a beverage and which if drunk to excess will produce intoxication, except as hereinafter provided."

The statutes, then, proceed to allow certain State officials to sell and deliver under certain regulations. These State officers cannot sell to minors. Section 853. The prohibition of section 794 includes every one. It includes minors. Unless a defendant is a duly authorized State officer, he can deliver to no one, and section 853 prohibits the State officer to deliver to a minor. The prohibition to deliver to a minor is thus made absolute, and there can be no delivery, under the State law, to a minor. This is interstate commerce, and in interstate commerce the Federal statute is controlling.

The plaintiff must, therefore, make out his case under the Federal statute or be nonsuited. The Federal statute prohibits the delivery to a "fictitious person" of any spirituous

liquor, under a penalty of $5,000. Fictitious means not only imaginary, but unreal and untrue. Was the plaintiff the real consignee? Elijah Jefferson, the father of the plaintiff, who the plaintiff tried to make his agent and did make his witness, said:

"I was convicted of selling whiskey six or seven years ago and served my time. I guess my daughter (the consignor) knew this. I guess she knew I had trouble with the officers. I guess she knew I would have trouble if she shipped the whiskey in my name."

It seems to me that, with a case in that condition, the defendant was entitled to some statement that the plaintiff was the real and not the fictitious consignee, before it incurred a penalty of $5,000. It is true, that this was not the reason assigned when the defendant refused to deliver; but, if the unlawfulness of the delivery appeared before judgment, then a Court should not require a defendant to do an unlawful thing, because the defendant did not know the facts at the inception of the case.

Besides this, the plaintiff is a minor, and there is no evidence that the whiskey, in possession of the defendant, was necessary, according to his condition. It may be that, if A delivers to B $1,000 belonging to C, a minor, with instructions to deliver it to C, A would be estopped; but I do not think C would be estopped to plead minority when he came of age. It may also be true that if B took the money, and agreed to deliver it to C, knowing C to be a minor at the time of the contract, a Court might require B to carry out his contract; but that is not this case.

There is no evidence that the defendant, at the time of receiving the shipment, knew that the consignee was a minor. This is not an action for the property of the plaintiff. It is an action for a malicious failure to deliver the plaintiff's property.

I think the plaintiff's testimony shows abundant reason for defendant's failure to deliver, and that the nonsuit should be sustained.