### PRIESTER v. PRIESTER *ET AL.*

#### (127 S. E., 18)

1. PROCESS—ACKNOWLEDGMENT OR ACCEPTANCE OF SERVICE IS FULL EQUIVALENT OF "ACTUAL PERSONAL SERVICE."—Acknowledgment or acceptance of service is full equivalent of "actual personal service."

2. PROCESS—SERVICE BY WRITTEN ACCEPTANCE IS NOT CONVERTED INTO "SERVICE BY MAIL" BY MERE FACT THAT PAPER SERVED WAS TRANSMITTED BY MAIL.—Service by written acceptance or acknowledgment is not converted into "service by mail" within Code Civ. Proc., 1922, §§ 762-764, merely because paper served was transmitted by mail.

3. APPEAL AND ERROR—NOTICE OF INTENT TO APPEAL HELD NOT GIVEN WITHIN TIME REQUIRED.—Notice of intent to appeal from decree given more than ten days after acceptance of service of notice of filing of decree *held,* under Code Civ. Proc., 1922, §§ 762-764, not served within time required by law, though notice was transmitted by mail.

4. APPEAL AND ERROR—MATTER NOT RAISED ON MOTION TO DISMISS PROPOSED APPEAL HELD NOT REVIEWABLE ON APPEAL FROM ORDER OF DISMISSAL.—Where point sought to be raised in Supreme Court had not been raised below on motion to dismiss proposed appeal, *held,* question was not reviewable on appeal from order dismissing proposed appeal.

5. APPEAL AND ERROR—PROPOSED APPEAL HELD DISMISSABLE FOR WANT OF NOTICE OF INTENT, THOUGH ALL ADVERSE PARTIES HAD NOT GIVEN NOTICE OF FILING OF DECREE.—Appeal *held* dismissable as to all adverse parties to decree appealed from for want of timely notice of intent to appeal within time required, though no notice of filing of decree had been given by certain of such adverse parties, the adjudication being entire.

6. APPEAL AND ERROR—ASSIGNMENTS OF ERROR, NOT ARGUED IN APPELLANT'S PRINTED POINTS, MUST BE DEEMED ABANDONED.—Assignments of error, not argued in appellant's printed points, must be deemed abandoned.

Before HENRY, J., Allendale, October, 1925. Order affirmed.

Action by J. Bascom Priester against Nina Priester and others. From an order dismissing a proposed appeal by Nina Priester, named defendant appeals.

*Mr. S. G. Mayfield,* for defendant-appellant, cites: *Notice of filing of a decree out of term time by mail:* Code Civ. Proc. 1922, Sec. 764. *Notice of appeal:* Code 1922, Sec. 646; Chapter IX, Sec. 760, 761, 762, 770. *Service of notice by mail:* 12 S. C., 561. *The burden is upon the party seeking to dismiss an appeal to show that notice was not served in time:* (19 S. C., 602) *and such one must have technically complied with the law:* 12 S. C., 564.

*Messrs. Carter, Carter, & Kearse, Harley & Blatt* and *Holman & Boulware,* for defendant-respondents, cite: *Notice of intention to appeal:* Vol. 1, Code 1922, Sec. 646. *Court has no power to remedy omission to comply:* 19 S. C., 602; 58 S. C., 33; 72 S. C., 24; 77 S. C., 156; 84 S. C., 534; 108 S. C., 73. *Acceptance of service:* 58 S. C., 436; 92 S. C., 309. *Matters not raised before and considered by the Circuit Court will not be considered by the Supreme Court:* 116 S. C., 193; 103 S. C., 75; 117 S. C., 516; 117 S. E., 424.

March 11, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

In an action, the nature and scope of which are not clearly disclosed by the record, Judge Sease filed a decree out of term time. On the day of filing, attorneys for certain of the respondents mailed to the appellant's attorney a formal notice in writing of the filing of the decree, accompanied by a letter requesting that acceptance of service be indorsed on the back of the original, and the same returned to the forwarding attorneys. Appellant's attorney indorsed on the back of the original notice, "Service of the within notice of filing of decree accepted this June 30, 1923," signed his name thereunder, and returned same to the senders. Thereafter on July 12, 1923, appellant mailed to the attorneys, representing all parties other than appellant, notice of intention to appeal from the decree of Judge Sease. The at-

torneys, who had given notice of the filing of the decree of Judge Sease, returned the appellant's notice of intention to appeal therefrom, with a statement to the effect that it was returned for the reason that it had not been served within the 10 days allowed by law. Thereafter, on motion duly noticed, his Honor, Judge J. K. Henry, dismissed the appellant's proposed appeal from the decree of Judge Sease on the ground "that the notice of intention to appeal was not served within the time required by law." From Judge Henry's order of dismissal, appellant brings this appeal.

Appellant's first and main contention is that the service of the notice of filing of the decree of Judge Sease was a service by mail, and that Section 764 of the Code of Civil Procedure, 1922, is applicable and effective to extend the time for giving notice of intention to appeal from 10 days to 20 days. Under the section of the Code invoked which provides, "when the service is by mail, it shall be double the time required in cases of personal service," it may be conceded that if the service in question was a "service by mail," the party so served would have had 20 instead of 10 days from the date of such service within which to give notice of intention to appeal. *Sullivan v. Speights,* 12 S. C., 561. But we are unable to concur in appellant's view that this was a service "by mail" within the meaning of the statute.

The Code, after specifying the conditions under which service by mail may be made, defines what constitutes such service by providing that "in case of service by mail, the paper must be deposited in the post office addressed to the person on whom it is to be served, at his place of residence and the postage paid." Code Civ. Proc., 1922, §§ 762 and 763. In *Sullivan v. Speights, supra,* it was expressly decided that the service was complete from the time the paper to be served is deposited in the post office, addressed to the person upon whom it is to be served, at the place of residence, with the postage paid. That holding was recognized and approved in *Walters v. Laurens Cotton Mills,* 53 S. C.,

155, 159; 31 S. E., 1. *Craig v. Ins. Co.,* 80 S. C., 151; 155; 61 S. E., 423; 18 L. R. A. (N. S.), 106; 128 Am. St. Rep., 877; 15 Ann. Cas., 216; and *Royal Exchange Assurance v. R. R. Co.,* 95 S. C., 375; 79 S. E., 104. Thus it was held in *Walters v. Laurens Cotton Mills, supra,* that a notice of intention to appeal so deposited, addressed, etc., within the 10 days allowed, was a good service, although the notice was not received until after the expiration of the time limited for appeal. In that view of the statute—that the service by mail is complete when the paper is deposited in the post office, etc.—the primary purpose, it would seem clear, of the provisions of Section 764 allowing double time to the party on whom such service is made, is to give the party so served the benefit of such ample time after the date of the mailing as would reasonably protect him against delays in the carriage and delivery of the mails.

In the case at bar the service relied on by respondents is not the deposit of the paper in the post office, duly addressed and stamped—of which, indeed, there is no direct proof in the record—but the general and unqualified acceptance of service in writing by appellant through her attorney on a date certain. The general rule that such "an acknowledgement or acceptance of service is the full equivalent of actual personal service" (32 Cyc., 450) is the established law of this jurisdiction (*Baker v. Irvine,* 58 S. C., 436; 36 S. E., 742. *Benson v. Carrier,* 28 S. C., 122; 5 S. E., 272. *Brown & Parler v. Kolb,* 92 S. C., 309, 310; 75 S. E., 529). If so, the fact that the paper was transmitted by mail is, we think, immaterial. Such fact could not, as we apprehend, convert the service by written acceptance into the "service by mail" contemplated by the statute, and make applicable the double-time provision of Section 764—a view strongly reimforced by the consideration that in the case of such acceptance of service the reason above indicated for such double-time provision of the statute invoked is wholly absent. We are,

therefore, clearly of the opinion that the notice of intention to appeal from Judge Sease's decree, given more than 10 days after acceptance of service of notice of the filing of the decree, was not served within the time required by law, and that under the well-settled law of this State the order dismissing the appeal on that ground must be sustained. *Haughton v. Order U. C. T.,* 108 S. C., 73; 93 S. E., 393.

The appellant's second contention, that even if the appeal were properly dismissed, in so far as it affected the interests of the parties who gave notice of the filing of the decree, it should not have been dismissed as against the parties who did not serve such notice of filing, is, we think, likewise untenable. It appears that certain of the respondents, represented by a firm of attorneys other than the attorneys for the parties who served notice on the appellant of the filing of Judge Sease's decree, did not serve a separate notice of such filing. On a motion before Judge Henry to settle this case for appeal he ruled that "the point and matters sought to be raised in the Supreme Court" by appellant's exception directed to this contention "were not raised before him on the motion to dismiss the proposed appeal from the decree of Judge Sease." The question sought to be raised is, therefore, not properly before us, and the exception must be overruled on that ground. *Robinson v. City of Columbia,* 116 S. C., 193; 107 S. E., 476. *Jefferson v. Southern Express Co.,* 103 S. C., 75; 87 S. E., 209. *Wideman v. Hines,* 117 S. C., 516; 109 S. E., 123. *Robinson v. Saxon Mills* (S. C.), 117 S. E., 424.

We deem it proper to add, however, that the record fails to disclose that the contention would have been meritorious even if it had been duly made on circuit. If the adjudication of the rights of the parties who did not give the separate notice of filing was included in the identical adjudication which determined the rights of the parties who did give the notice, it would seem that such notice to the adverse party of that adjudication, whether extended

formally in the names of all the parties favorably affected thereby or not, should be held sufficient for the purposes of appeal by the party against whom the decree is rendered. Generally, "a judgment or decree· is an entire thing," and a split appeal on the theory that the decree might be reversed as to certain parties and left in force as to other parties whose legal rights in the subjectmatter are identical should not be held to lie—certainly, in the absence of a showing that the judgment was several in its nature.

No exceptions in the matter of the appeal from the order of the Circuit Judge settling the case for appeal were argued in appellant's· printed points. Any assignment of error in that regard must, therefore, be deemed abandoned.

The orders appealed from are affirmed.

MESSRS. JUSTICES WATTS and COTHRAN concur.

MR. CHIEF·JUSTICE GARY did not participate.

MR. JUSTICE FRASER (dissenting) : The service was by mail. The statute allows double time when the service is by mail, and I think the notice of intention to· appeal was in time.