13817

CENTRAL UNION BANK OF SOUTH CAROLINA v. LEMMOND
*ET AL.*

SAME v. LEMMOND

(173 S. E., 810)

Before Dennis, J., Richland, July, 1931.

*Messrs. Edward L. Craig, C. T. Graydon* and *G. Duncan Bellinger,* for appellants,

*Messrs. Elliott, McLain, Wardlaw & Elliott,* for respondent,

March 29, 1934.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

A brief statement of the facts out of which these two actions arose is necessary for an understanding of the issues involved. In July, 1924, Columbia National Bank, predecessor of the plaintiff, sold, or agreed to sell, to the defendant Lemmond all the corporate assets of the Southern States Supply Corporation, a business which had been conducted by Lemmond for the bank for several years. Although the assets were turned over to Lemmond at that time, the sale in all of its details was not completed until July, 1925, when its final terms were accepted and a bill of sale executed by the bank. The purchase price of the assets was $85,000.00, less certain liabilities of the supply corporation which the bank agreed to assume. A part of the net purchase price was paid in cash by the purchaser; and the balance, $49,-250.88, was evidenced by two promissory notes which had been given by the supply corporation to the Columbia Bank, the payment of which Lemmond guaranteed in writing. In August, 1925, Lemmond organized the Southern States Supply Company, to which he transferred the assets so purchased. The records show that he, through the supply company, promptly made all payments agreed upon until July 21, 1929, at which time there remained an unpaid balance of $6,750.88. Lemmond states that he refused to make further payments after that date for the reason that the United States government had made demand for income and profits taxes "arising out of the assets" sold him by the bank amounting to $12,000.00 or more; and that he notified the plaintiff of this demand and requested that it take charge of the defense of the case and pay whatever taxes the government finally assessed, as was its duty under the terms of the sale, but that it refused to defend or to give

any assistance whatsoever. Also, in an affidavit filed by Lemmond, he asserts that the defendant supply company incurred expenses in the defense of the case amounting to not less than $2,500.00, all of which should have been borne by the plaintiff.

The two actions were commenced on the same day, July 11, 1931. The one against Lemmond and the Southern States Supply Company was for goods sold and delivered; the other, against Lemmond alone, was based on the written contract made by him guaranteeing the payment of the two notes of the old Southern States Supply Corporation.

The case against Lemmond and the supply company was tried in October, 1931, before Judge Featherstone and a jury. During the trial, and while the plaintiff was offering testimony in chief, the defendants made the point that there was a variance between the allegations of the complaint and the proof offered, in that the complaint alleged a sale of the assets on or about July 11, 1924, while the evidence tended to establish such sale as of July 6, 1925. The Court then granted plaintiff's motion to be allowed to amend its complaint, and the case was withdrawn from the jury and continued beyond the term. Later, it was placed on the roster to be tried in February, 1933, Judge E. C. Dennis presiding. At the beginning of that term, the defendants moved for leave to file a supplemental answer and for a continuance of the case pending a decision of the United States Board of Tax Appeals. Both motions were refused, and the case was called for trial on February 27. During the taking of the testimony, the summons and complaint in the action brought against Lemmond alone were introduced in evidence. This was allowed under the allegations of the answer that there was pending in the same Court another action between the same parties for the same cause. Counsel for the bank thereupon asked to be allowed to take a voluntary nonsuit in the case against Lemmond alone, which the Court permitted. Then, upon motion of counsel for defendants,

the Court granted a nonsuit in favor of the defendant supply company; and, on motion of plaintiff, directed a verdict in its favor against the defendant Lemmond for the balance, principal, and interest, due and owing by him to the bank. Lemmond appeals in both cases to this Court.

The first question presented for our consideration is whether the Court was in error in permitting the plaintiff, in the circumstances, to take a voluntary nonsuit in the action brought by it against B. M. Lemmond alone, and in not holding that as the two suits were brought simultaneously each abated the other. Counsel for appellant contend that the time at which the nonsuit was ordered was not appropriate to the motion. In other words, while the plaintiff could have asked for a voluntary nonsuit in the action against Lemmond before it called the other case for trial, it could not do so when in the midst of the trial of the other case.

For the several reasons stated by the presiding Judge, we think that he properly granted the motion. In *Walters v. Cotton Mills,* 53 S. C., 155, 31 S. E., 1, the Court said: "The law is well settled that, in order for the plea of the pendency of another action to defeat another suit, three things must appear: (1) The parties must be the same. (2) Identity in the thing sued for. (3) Identity in the cause of action." In the cases before us it is clear that all of these requirements or conditions were not met or answered. One suit was brought against Lemmond and the Southern States Supply Company for goods sold and delivered, in which it was sought to hold the supply company, to whom the assets had been transferred by Lemmond without consideration, responsible for the debt. The other suit was against Lemmond alone and was based on his written contract with the Columbia National Bank, whereby he expressly guaranteed the payment of the two notes executed by the old Southern States Supply Corporation. The appellant's contention that the procedure followed, in allowing the plaintiff to take a

voluntary nonsuit in the case not being tried, was irregular and not permissible, furnishes no sound legal objection to the action of the trial Judge.

The Court below is also charged with error (Exceptions 2 and 3), in "refusing the defendants' motion for leave to plead their counterclaim," and in refusing their motion for a continuance.

At the time the motions were made, the tax matter was pending before the United States Board of Tax Appeals, and had been for some time prior thereto; and while it did not appear that the defendants could hasten the decision of the board, it was a proper assumption that the matter would be decided without undue delay. Also, while the defendants did not then know whether the decision would be favorable or adverse to them, in an affidavit filed by Lemmond, and upon which the motions were based, it was averred that, whatever the decision might be, the defendants had a just claim against the plaintiff for expenses incurred by them in defending the tax suit. In these circumstances, we think the case should have been continued or the defendants allowed to plead their counterclaim, in order that the rights and liabilities of all parties to the action might be determined and fixed at one time. From a study of the record, we are convinced that this, in the interest of justice, should now be done.

The judgment of the Court is:

1. That the order of nonsuit granted in the case against the defendant Lemmond alone be affirmed.

2. That the judgment in the case against Lemmond and the Southern States Supply Company be reversed and the case remanded for a new trial; that the defendants, within ten days after the filing of the remittitur herein with the Clerk of Court for Richland County, be allowed to make a supplemental answer by way of counterclaim; and that the plaintiff have ten days, from the date of the service of such answer upon it, to reply thereto.

And it is so ordered.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.