## 18917

Lucille B. McCONNELL, Individually and as Committee for Jenney Brunson, Appellant, v. J. O. WILLIAMS, Respondent. Thelma R. SMITH, as Committee for Jenney Brunson, a Person *Non Compos Mentis,* Appellant, v. J. O. WILLIAMS, Respondent

(167 S. E. (2d) 429)

*Messrs. Horger & Horger* and *O. Harry Bozardt, Jr.,* of Orangeburg, *for Appellant,*

*Messrs. Bryant & Fanning,* and *Marshall B. Williams,* of Orangeburg, *for Respondent,*

*Messrs. Horger & Horger,* and *O. Harry Bozardt, Jr.,* of Orangeburg, *for Appellant,* in reply.

May 6, 1969.

LITTLEJOHN, Justice.

The Committee for Jenny Brunson, appellant, brought two actions against J. O. Williams, respondent. On motion of counsel for the respondent, the trial judge referred the first action to the special referee for an accounting, and abated the second action. This appeal is taken from the ruling of the trial judge on each of the two issues.

## FIRST ACTION

The first complaint, in equity, alleges that the suit is brought as committee for Jenney Brunson, a person *non compos mentis*. It asserts that the respondent, J. O. Williams, has between October 20, 1960, and October 20, 1966, used undue influence upon Jenney Brunson and caused her to transfer personal property and real property to him. The complaint further alleges that he "should be required to account unto the plaintiff as committee for Jenney Brunson for his actions managing the estate * * * and to retransfer the personal property and reconvey the real estate which a true accounting would reveal that he received as a result of said undue influence * * *."

The prayer for relief asked that Williams "be required to account * * * for his actions * * * and to retransfer the personal property and reconvey. the real estate to Jenney Brunson * * *."

The answer admits managing property for Jenney Brunson but denies any wrongdoing and prays that the complaint be dismissed.

In reality, about two months prior to the filing of the complaint the committee and Williams had entered into written agreement setting forth a plan of appraisal and distribution of properties so as to terminate the dispute—all subject to approval of the court. On the same day the complaint and answer were dated the judge held a hearing, and two days later, on June 18, 1967, issued his order approving the plan of appraisal and distribution of the properties and settlement of the property rights of Williams and Jenney Brunson. Among other things it was directed "that the defendant account to the plaintiff as Committee for Miss Jenney Brunson for all money collected and disbursed from January 1, 1966, to date, regarding the rental property of Miss Jenney Brunson; said accounting to be approved by a competent auditor * * *."

Thereafter, in keeping with the former agreement and the order of the court, a written memorandum was prepared

and signed by all, interested counsel setting forth brief descriptions of the approximately twenty-five parcels of land involved, together with the value of each and an indication of those parcels which Mr. Williams would keep and those Miss Brunson should own. A consent order of the court was taken on August 29, 1967, describing in detail the parcels of land and directing Williams to convey certain pieces of real estate to Miss Brunson, and to pay $360 in cash, representing the difference between the valuations of the pieces of realty allotted to the respective parties.

Nine months later, on June 5, 1968, counsel for Miss Brunson's committee filed a petition with the court alleging that Williams had (1) failed to make an accounting; (2) failed to pay his proportionate share of the appraisal fee as agreed; and (3) failed to pay $360 as directed. The petition asked that Williams be held in contempt of court, and a citation for contempt was issued by the judge.

At the hearing on June 10, 1968, Williams (1) presented his check for $360 to the committee, (2) offered to pay the appraisal fee, and (3) filed an accounting. The court, by order dated June 21, 1968, received the accounting but expressly made no ruling as to its validity, did not approve or disapprove the same, and reserved all objections the committee might have as to the accounting. Simultaneously the contempt citation was dismissed.

## SECOND ACTION

By complaint dated August 21, 1968, the committee filed a new action in tort against Williams, alleging that he failed to properly account and breached his "contracts to collect rents, make repairs, pay taxes and insurance," and that such "was accompanied by the fradulent act of converting and unlawfully appropriating the sums due the plaintiff's ward by the defendant to his own use * * * with the intent and purpose to deceive and deprive the plaintiff's ward of her property."

The prayer for relief asked for $175,000 actual and punitive damages.

## THE MOTIONS

In the first action counsel for Williams moved for an order of reference to a special referee to take the accounting and report his findings of fact and conclusions of law to the court.

In the second action counsel for Williams moved that the action last filed be abated.

In an order dealing with both cases the trial judge referred the first action to a special referee and abated the second action.

From the order of Judge Louis Rosen counsel for the plaintiff has appealed.

## THE APPELLATE QUESTIONS

The first question may be summarized as follows: Did the trial judge err in granting the motion to refer for an accounting?

It is the contention of the appellant that Williams has already accounted and that accordingly the first action is at an end. It is further appellant's position that the two actions do not involve the same subject matter. This action involves the rights of a person *non compos mentis,* and the proposed contract was of course subject to approval of the court. When the court's sanction was sought and obtained the agreement became more than a simple contract and by incorporation came to be a directive of the court, and this directive, obviously involving a consent order, included a mandate to account. We think the court had both the authority and the duty to follow its mandate through and to see that the accounting was true.

It was obviously the intent of the court to keep this action open for such further orders, if any, as might be required as is indicated by the language of the court when it stated in the order: "I make no finding as to whether the accounting is true and correct, and do not approve or disapprove the same. Counsel for the parties agree that this matter is not before the Court at this time. All objections

or causes of action, if any, that the petitioner might have as to the accounting is reserved by her, to proceed as she might be advised * * *." Williams is required to make a true accounting; the committee is entitled to receive a true accounting; and either party is entitled to request the court for an approval. The effect of Williams' motion to refer is to ask the court to look into the matter and to say whether the account is true as contended by Williams, or wrongful as contended by the committee. The action remained alive for this purpose and is still active and pending.

We find no error in the trial judge's pursuing the matter further at the instigation of counsel.

The second question raised by the appeal is: Did the trial judge err in abating the second action?

In the order of the trial judge abating the second action he refers to the two suits as being "both based on the same claim" and "involving the same subject matter." He further cheracterized the damages sought in the two suits as being the same. Counsel for the appellant argues that such language in the order prior to the directive may foreclose the possibility of instituting another action later on for breach of contract accompanied by a fradulent act.

We agree with counsel for the appellant that the object of the two suits and the relief sought are not absolutely identical. At the same time the issues are so interrelated that the ends of justice will be best served by allowing the first suit to proceed and by withholding action in the second suit.

Normally an abatement of an action will be ordered only where there is an identity of parties, causes of action, issues, and relief (See 1 C. J. S. Abatement and Revival § 39 (1936) ); here, however, the two causes of action admittedly did not exist at the time of the commencement of the first. We have the unusual situation of the second cause of action allegedly arising out of conduct within the first cause of action virtually in the shadow

of the judge. We have herein held that the first cause of action continues in litigation, and orderly procedure under the circumstances here involved requires that the first action be terminated before the second is commenced. Whether additional relief is warranted, and if so to what extent, may depend upon the outcome of the first action.

Counsel for the respondent admits in written brief that "(a)n order of abatement does not end the action but allows the pleader to bring the action again if and when the bar asserted has been removed. Under the Order of the trial judge, after the account is complete plaintiff might again bring her action."

The second action was premature. We do not adopt all of the reasoning of the trial judge but affirm his holding that the second action should be no longer pursued at this time.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.