## 20403

The SOUTH CAROLINA PUBLIC SERVICE COMMISSION, Appellant, v. CITY OF ROCK HILL et al., Respondents.

(234 S. E. (2d) 228)

*Messrs. Daniel R. McLeod, Atty. Gen., Nathan Kaminski, Jr., Asst. Atty. Gen.,* and *Michael A. Molony, Staff Counsel,* of Columbia, *for Appellant,*

*Messrs. Spencer & Spencer,* of Rock Hill, *for Respondent, City of Rock Hill, South Carolina,*

*Messrs. Spratt, McKeown & Spratt,* of York, *for Respondent, York Electric Cooperative, Inc.,*

*Messrs. Steve C. Griggith, J., and W. I. Ward, Jr.,* of Charlotte, N. C., and *Hayes, Brunson & Gatlin,* of Rock Hill, *for Respondent, Duke Power Co.*

April 18, 1977.

RHODES, Justice:

The South Carolina Public Service Commission (Commission) appeals from an order of the circuit judge sustaining a demurrer interposed by the City of Rock Hill (City). We reverse and remand.

The City, by service of summons and complaint on February 20, 1976, commenced an action seeking judicial review of a prior order of the Commission. The City's action was based on S. C. Code § 24-161 (1962).[1] On March 26, 1976, the Commission commenced an action pursuant to

---

[1] Section 24-161 permits any party in interest dissatisfied with an order of the Commission to commence an action in any court of competent jurisdiction to vacate or set aside any such order on the ground that it is unlawful or unreasonable.

S. C. Code § 24-118 (1975 Cum. Supp.) [2], by service of summons and petition, seeking injunctive relief against the City for an alleged violation of the order of the Commission. The City thereafter filed a demurrer to the petition under S. C. Code § 10-642 (3) (1962) [3]. The court subsequently sustained the demurrer.

For this type of demurrer to be sustainable, it must appear that each of the following three elements exist, namely: (1) the parties must be the same; (2) identity in the thing sued for; and (3) identity in the cause of action. *Walters et al. v. Laurens Cotton Mills et al.*, 53 S. C. 155, 31 S. E. 1 (1898). *See also McConnell v. Williams*, 252 S. C. 573, 167 S. E. (2d) 429 (1969), and 1 C. J. S. Abatement And Revival § 39. In the case before us, it is clear that all of these requirements or conditions were not met or answered, the City's and the Commission's actions having been commenced on the basis of statutes with entirely different purposes.

The City seeks a judicial declaration that the Commission promulgated an invalid order concerning the assignment to the City of an electric service area. The Commission's action, on the other hand, is disciplinary in nature in that it seeks injunctive relief against the City for allegedly operating in direct contravention of a Commission order. The court, therefore, erred in sustaining the City's demurrer.

The City and the Cooperative are granted a period of twenty (20) days from remittitur to the circuit court within

---

[2] Section 24-118 reads in part as follows:
"Whenever it shall appear that any electrical utility, electric cooperative or consolidated political subdivision is failing or omitting . . . to do anything required of it by law or by order of the Commission or is doing . . . anything to be done contrary to or in violation of law or of any order of the Commission, an action or proceeding shall be prosecuted in any court of competent jurisdiction in the name of the Commission or the State for the purpose of having such violation . . . discontinued or prevented, either by mandamus, injunction or other appropriate relief . . . ."

[3] Section 10-642 states that "The defendant may demur to the complaint when it shall appear upon the face thereof that: (3) There is another action pending between the same parties for the same cause."

which to answer or otherwise plead to the Commission's petition.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.