*The opinion of the Court was delivered by [*549
Hott, J.
The Act of Assembly regulating the proceedings of the Courts, is iu the following words : “ The plaintiff shall,[1] on the return of such writs, proceed to file his declaration during the sitting of the Court next after the writ is returnable,[2] or at any time after, until the next suc *704 ceeding Court, and shall take judgment by default against the defendant in said writ, unless ana ppearance has been regularly entered[1] by defendant’s attorney, with the clerk of the Court, during the sitting of said Court, and the defendant, if he puts in an appearance as aforesaid, shall and may put in his plea in writing, with the clerk of the said Court, within one month after the declaration is filed, or judgment may be taken by default.”
Nott and 11’Cord, for the motion. Clifton, contra.
The only case, then, in which the defendant is entitled to plead, is where he has entered an appearance with the clerk during the sitting of the Court. The- Courts have, by a liberal construction of the Act, permitted pérsons to come in who are absent from home at the time that the copies of writs had been left at their houses, and did not return until after Court [2] so, where an attorney is employed, and has omitted to enter an appearance, the Court will not suffer the party to be injured by his neglect.[3] And in other cases, where the omission has arisen from causes not within the control of the party, and without any neglect on his part, such indulgence has been extended to him. But in this case, no such excuse is pretended ; on the contrary, it is acknowledged to be an artifice resorted to expressly for the purposes of delay.[4] It is the last possible case, therefore, in which the defendant is entitled to any favor from the discretion of the Court. Besides, it is not even now pretended, that the defendant has any just defence, and the Court in such a question will look to the merits of the case.
2. The acceptance of the service of the writ does nothing more than dispense with the service by the sheriff. It cannot be an appearance pursuant to the ’¡'terms of the Act. But I am induced to think, that 00UJ according to the liberal practice of our Courts, it ought so to be considered by the gentlemen of the bar, when an attorney has accepted1 the service of a writ for his client, and has omitted to enter an appearance.[5] I would think, according to the rule above laid down, that the client ought not to suffer by his neglect. But in this case the attorney was the party, and did not intend it as an appearance, but purposely omitted to enter an appearance. He was not therefore entitled to be let in at the second Court. The order must be rescinded, and the cause placed again on the docket of writs of inquiry.
Richardson, Huger, Colcock, and Johnson, JJ., concurred.

 1791, 7 Stat. 26, § 6.

 See Cheves, 29.

 3 Brev. 483.

 1 N. & M’C. 90. 3 MeC. 84.

 2 McC. 250. Ante, 291. 2 McC. 512. Harp. 398. 1 McC. 283. 11 Rich. 20. -- v. Salinas, 11 Rich. 2 Sp. 479.

 2 Bail. 440.

 2 Rich. 334.