CASE No. 830.

STATE, EX REL. McCALL, v. COHEN.

1. A judgment rendered by an inferior court against a party not brought within its jurisdiction by proper service of process, may be set aside under proceedings by *certiorari*.

2. A motion made before a trial justice to vacate, upon jurisdictional grounds, a judgment rendered by him, does not preclude proceedings by *certiorari* in the Circuit Court for the same purpose, where the want of jurisdiction appears upon the face of the record.

3. A service by one styling himself a constable would not be sufficient service, in the absence of a duly authorized appointment in writing for such purpose, there being no regular constables in this state elected as required by the constitution.

4. Proof of service by a constable can be made to appear only by his affidavit.

5. A voluntary appearance, to be binding upon the defendant, under Section 162 of the code of procedure, as the equivalent of personal service, must be made before judgment.

---

Before WALLACE, J., Darlington, March, 1879.

This was an application to the Circuit Court, in June, 1878, for a writ of *certiorari*, commanding a trial justice to certify the record of a judgment rendered by him in favor of the defendants.

here against the relator, and setting forth several matters upon which it was claimed that the judgment was erroneous, and that the trial justice was without jurisdiction of the case. The judgment was entered May 28th, 1877. In August, 1877, the relator here moved before the trial justice to set aside the judgment upon the ground, *inter alia*, that no action was ever commenced in the manner required by law. This motion was refused and no appeal was taken. On July 14th, 1877, McCall had written to the trial justice, saying: "The last of April I was handed by one clerk, in Kuker's store, a demand from you to pay, in twenty days, the amount of $14.57, or you would give judgment against me for that amount; never legally served. But the next day, rather than appear at your court, I sent, per express, the amount," &c. The defects in the service of the summons by the constable are fully set forth in the opinion of the court.

The Circuit judge ordered the judgment and executions to be set aside and annulled, with costs; and the defendant appealed.

*Mr. R. K. Charles,* for appellants.

The writ of *certiorari* is not a writ of right, and should not be granted when the allegations of error do not appear to be well founded. Such error must be an error of law of a jurisdictional character. 12 *S. C.* 111. There was another adequate remedy. 16 *Stat.* 60; 1 *Bail.* 457; *Powell on App. Proc.* 349, § 4. The return to the writ exhibits no error of jurisdiction on the face of the proceedings, and this is conclusive in *certiorari.* *Id.* 353, § 5. The only alleged jurisdictional error is want of service, but that was cured by his voluntary appearance and motion to set aside the judgment; and appeal was his only remedy. 1 *Bail.* 294.

*Mr. B. O. Townsend,* contra.

Trial justices are an inferior court, (2 *S. C.* 404) and can exercise no jurisdiction not expressly authorized by statute. 5 *Cr.* 184. When jurisdiction is exceeded, *certiorari* is the proper remedy. 2 *Hill* 369; 9 *Rich.* 292; 12 *Rich.* 44; 9 *S. C.* 303; 1 *El., B. & E.* 100; *Hill. on New Trials,* 692–696; 22 *Ill.* 333. The trial justice was guilty of usurpation of jurisdiction, appa-

rent on the record, in this : that as no constables are elected in Darlington, and no special appointment of constable appears in writing on the record (*Gen. Stat.* 205, § 2,) for reasons founded on Sections 122 and 161 of the code, the action was not known to have been commenced when the judgment was rendered. The relief granted in this case was proper. *Hill. on New Trials, ch. XX.*

March 15th, 1880. The opinion of the court was delivered by

McIVER, A. J. The object of this proceeding was to review, by *certiorari*, a judgment rendered by a trial justice. Such a writ cannot be demanded as a substitute for an appeal, (*State* v. *Steuart*, 5 *Strob.* 29,) and, therefore, if the grounds upon which it was demanded were such as could have been presented by appeal, the writ should not have been granted. But if it appears from the return that the inferior tribunal to which it was directed has undertaken to render judgment in a case of which it had no jurisdiction, or against parties who have not, by proper process, been brought within its jurisdiction, then the writ was properly granted. In this case the allegation is that the trial justice proceeded to render judgment against parties who had not been served with process or otherwise legally been made parties to the action in which the judgment was rendered. It also appears that this question was submitted to the decision of the trial justice by a motion to set aside the judgment; and it is contended that by so doing the respondent, under the rule laid down in *State* v. *Scott*, 1 *Bail.* 294, has precluded himself from raising the question of jurisdiction in this form, and can only do so by appeal from the decision of the trial justice on the motion to set aside the judgment. It is very true that the rule laid down in that case is that where a party submits a question of jurisdiction to the inferior court, its decision of such question has the same binding force as its decision of any other question submitted to it, and that any error in this respect must be corrected in the same manner as any other errors are corrected, viz., by appeal. But the exception to the rule is recognized by the same case; and that is, where the want of jurisdiction is apparent upon the face of the proceedings themselves. So that if the proceedings

before the trial justice in this case fail to show upon their face that the parties against whom the judgment in question was rendered were ever brought within the jurisdiction of the trial justice before the judgment was rendered, then there was such a jurisdictional defect as was reviewable by the Court of Common Pleas under the writ of *certiorari*, notwithstanding the fact that the party seeking the writ did submit the question of jurisdiction to the trial justice by his motion to set aside the judgment. For the rule in regard to inferior courts is, that " nothing shall be intended to be within the jurisdiction that is not expressly averred so to be." So that if the proceedings show upon their face a want of jurisdiction, or fail to show that which was necessary to confer jurisdiction, the whole is an absolute nullity, and " it is of no consequence in what way the defect is brought to the view of the court." *Devall* v. *Taylor, Cheves* 5.

Upon looking into the proceedings it appears that the original summons contains the following endorsement: " Served in person by Calvin Josey, 7th May, 1877. Distance eighteen miles for each." Giving to this very informal return the construction most favorable for the appellants, it only amounts to a return that Calvin Josey, styling himself a constable, personally served each of the defendants on the day stated with a copy of the summons. This, however, is not sufficient. An action cannot be commenced except by the service of a summons, or by delivering it to *the sheriff or other officers of the county*, with the intent that it shall be actually served, (*Code*, § 122,) and the only evidence of service is either by certificate of the sheriff, if served by him, or, if by another person, the affidavit of such person, or the written admission of the defendant, (not to mention service by publication, which is wholly inapplicable to the present case.) *Code*, § 161. The court is bound to take judicial cognizance of the fact that there is no such officer in the state as a regular constable, inasmuch as the constitution provides that such officer " shall be chosen in each county by the qualified electors thereof, *in such manner as the general assembly may direct*," (*Const., Art. IV.*, § 21,) and the statute book fails to show that any such direction has ever been given. Hence the only authority which Calvin Josey could have for styling himself constable, would be

an appointment, in writing, by a judge, trial justice or coroner, for a particular occasion, (*Gen. Stat., ch. XXVI.*, § 2, 205, as amended by the act of 1873, 15 *Stat.* 512,) and no such authority appears or is alluded to anywhere in the proceedings. The action, therefore, could not be commenced by the delivery of the summons to Calvin Josey, inasmuch as he does not appear to have been either "the sheriff or other officers of the county," and there is no legal evidence that it was ever served upon any one; for, even if served by Calvin Josey, who, as we have seen, was not an officer, that fact could only be made to appear by his affidavit, which is wanting, as is likewise any evidence of a written admission of service by the defendants, or either of them.

But when we look further into the return to the writ of *certiorari* and examine the affidavits offered on the hearing of the motion to set aside the judgment, it appears, fully, not only that Calvin Josey did not serve the summons himself, but that he did not know whether it was served by any one else. It seems to us, therefore, that it appears upon the face of the proceedings themselves that the trial justice never acquired jurisdiction in the case against the defendants, and that his judgment against them was, therefore, a nullity, and may be so declared in proceedings by *certiorari*.

What is termed the voluntary appearance of the defendant on the motion to set aside the judgment, cannot be regarded as equivalent to personal service of the summons, (*Code*, § 162,) for that, manifestly, has reference to an appearance *before* judgment is rendered, while here what is called the appearance was *after* judgment. So, too, the letter written by L. A. McCall to the trial justice, which is treated by that officer as an acknowledgment, in writing, of the service of the summons, is insufficient for that purpose, for that also was written long after the judgment was rendered, and the question is as to whether the trial justice had acquired jurisdiction as against the defendants at the time he rendered judgment against them.

The judgment of the Circuit Court is affirmed.

WILLARD, C. J., and McGOWAN, A. J., concurred.