### 2518

Willie Lee LANGLEY, Respondent v. Richard GRAHAM, Appellant.
(472 S.E. (2d) 259)

Court of Appeals

*C. Craig Young,* of *Willcox, McLeod, Buyck & Williams,* Florence, *for appellant.*

*J.M. Long, III,* Conway, *for respondent.*

Heard Apr. 3, 1996.

Decided June 10, 1996.

CURETON, Judge:

This is an appeal from the denial of a motion to vacate a default judgment entered against appellant Richard Graham (Graham). We reverse and remand.

Respondent, Willie Lee Langley (Langley), was standing beside a truck driven by Graham when Graham negligently

struck him causing serious personal injuries. The accident occurred on May 13, 1989. Langley filed suit against Graham on March 12, 1992. On March 16, 1992, Langley attempted to serve the suit papers by certified mail, return receipt requested. Mildred Graham, Graham's sister who resided with him, signed the return receipt. Graham failed to file responsive pleadings, but the action was stricken from the docket pursuant to Rule 40(c)(3), SCRCP. The action was restored to the active roster on December 12, 1992. On May 8, 1993, Langley again attempted to serve Graham by certified mail, return receipt requested. Mildred Graham again signed the return receipt. On both occasions, Langley mailed the suit papers certified mail, but delivery was not restricted to addressee only as required by Rule 4(d)(8), SCRCP.

Graham failed to respond to the complaint and a default judgment in the amount of $33,963.43 was entered against him on October 1, 1993. On May 27, 1994, Graham moved to have the default judgment vacated based on the court's lack of jurisdiction over his person. The trial judge denied the motion finding Graham failed to demonstrate the return receipt was signed by an unauthorized person pursuant to Rule 4(d)(8). Moreover, he found Graham's acknowledgment of actual receipt of the summons and complaint satisfied the requirements of Rule 4(j), SCRCP.

Graham contends the default judgment should be set aside because he did not sign the return receipt for the summons and complaint and, further, Langley failed to send the suit papers by "restricted delivery" mail. Rule 4(d)(8) provides:

> Service of a summons and complaint upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule may be made by the plaintiff of by any person authorized to serve process pursuant to Rule 4(c), including a sheriff or his deputy, by registered or certified mail, return receipt requested and *delivery restricted to the addressee*. Service is effective upon the date of delivery as shown on the return receipt. Service pursuant to this paragraph *shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing the acceptance by the defendant.* Any such default or judgment by default shall be set

aside pursuant to Rule 55(c) or Rule 60(b) *if the defendant demonstrates to the court that the return receipt was signed by an unauthorized person.* If delivery of the process is refused or is returned undelivered, service shall be made as otherwise provided by these rules. (Emphasis added.)

The trial judge held that because Graham failed to demonstrate his sister was not a person authorized to accept service on his behalf, he would not set aside the default judgment. We do not think that the trial court's interpretation of Rule 4(d)(8) was intended by the makers of the rule.

In *Roche v. Young Bros., Inc.,* 318 S.C. 207, 210, 456 S.E. (2d) 897, 900 (1995), out Supreme Court held that a plaintiff satisfied the requirements of Rule 4(d)(8) when he demonstrated the "return receipt [was] restricted to the addressee and [accepted]¹ by the defendant." Here, however, it is obvious from a cursory review of the return receipt that neither requirement has been met. Graham did not sign the return receipt,² and its delivery was not restricted to "ad-

---

¹ In *Roche,* the Court placed no significance, however, on the fact the letter was not addressed to the corporation as addressee, but rather to an individual who was an officer of the corporation. In fact, the outside envelope containing the summons was simply addressed to "Edward L. Young, Post Office Box 3806, Florence, South Carolina 29502." *Roche v. Young Bros.,* 313 S.C. 356, 358, 437 S.E. (2d) 560, 561 (Ct. App. 1993). There was no indication in the record that J. Neal Young, Young Brother's, Inc.'s Vice-President, who actually signed the return receipt, had any knowledge he was signing for corporate mail as opposed to personal mail of his brother, Edward L. Young, when he signed for the certified mail.

² Although the Court in *Roche* states Rule 4(d)(8) "does not require the specific addressee sign the return receipt," we think the Court intended to limit the force of the statement to service upon corporations. Service on a corporation may only be accomplished by service on an authorized person; thus, a corporate defendant accepts service of process when a person authorized to accept service does so for the corporation. On the other hand, an individual ordinarily accepts service under the rule when he signs the return receipt. If the rule permitted acceptance by anyone who happens to pick up the mail, the requirement that delivery of the suit papers by certified mail be restricted to the addressee would have no meaning. Moreover, the last sentence of Rule 4(d)(8) provides that if a defendant refuses delivery of the suit papers, the plaintiff must accomplish service "as otherwise provided by these rules." This provision is further indication the rule requires actual acceptance by the defendant named on the certified mail receipt inasmuch as under prior case law, a defendant's refusal to accept a certified return receipt requested mailing did not affect the validity of the service under S.C. Code Ann. § 36-2-806 (1976), *amended by* § 36-2-806 (Supp. 1995), the Long Arm Statute. *Patel v. Southern Brokers, Ltd.,* 277 S.C. 490, 289 S.E. (2d) 642 (1982).

dressee" only. *See* 62B Am. Jur. (2d) *Process,* §§ 227-228 (1990) and 72 C.J.S. *Process,* § 55 (1987) (acceptance of service by someone other than addressee is defective where the mail is sent restricted delivery). Thus, we think Graham has met his burden under Rule 4(d)(8) of showing either an unauthorized person[3] signed the receipt or service by mail was defective in that delivery was not "restricted to the addressee."[4] In so holding, we note that the new federal rules have abolished service by mail, except to the extent permitted by applicable state practice. Under the federal rules, a defendant may waive service of process by signing an acknowledgement after being furnished a copy of the pleadings by mail. If the defendant refuses to sign the acknowledgement and it is returned to the plaintiff, the plaintiff must them effect service by other means. Fed. R. Civ. P. 4(d).

The trial judge also ruled that service was properly obtained pursuant to Rule 4(j), SCRCP which provides:

No other proof of service shall be required when acceptance of service is acknowledged in writing and signed by the person served or his attorney, and delivered to the person making service. The acknowledgement shall state the place and date service is accepted.

At the hearing to vacate the default judgment, Langley presented an affidavit signed by Graham in which Graham acknowledged receipt of the summons and complaint delivered to his sister on March 16, 1992, and again on May 9, 1993. The trial judge found the affidavit submitted constituted sufficient evidence of delivery and compliance with Rule 4(j), and met the requirements of due process. We disagree. Rule 4(j) relates back to Rule 4(g) which sets forth the requirements for proof of service. Rule 4(j) provides that notwithstanding the provisions of Rule 4(g), if the defendant acknowledges service in writing, no other proof is required. Rule 4(j) establishes no

---

[3] An authorized person is "an agent of the addressee who has been specifically authorized in writing by the addressee to receive his mail." 62B Am. Jur. (2d), *Process,* § 227 (1990). This is in keeping with the requirements of the Postal Regulations. *See* United States Postal Service Domestic Mail Manual 49 § 916-3.3 (Sept. 1, 1995).

[4] We view the requirement of showing that the certified mail was properly sent as mandated by the Rule 4(d)(8) to be Langley's burden, not Graham's. *See Roche,* 318 S.C. at 210, 456 S.E. (2d) at 900 (plaintiff must show compliance with the rule).

new procedure for service of process; rather, it is but a recognition of the long-standing practice that acknowledgement or acceptance of service is equivalent to personal service. *Williams v. Ray*, 232 S.C. 373, 102 S.E. (2d) 368 (1958); *Priester v. Priester*, 131 S.C. 284, 127 S.E. 18 (1925); *Donlevy & Co. v. Cooper & Co.*, 11 S.C.L. (2 Nott & McC.) 548 (1820). Service by written acceptance is not converted into "service by mail" by the mere fact that the paper served was transmitted by mail. *Priester*, 131 S.C. at 287, 127 S.E. at 19. Finally, our Supreme Court had held that an acknowledgement of service, made by a defendant after judgment has been rendered against him, is not equivalent to personal service upon him. *State v. Cohen*, 13 S.C. 198 (1880).

Therefore, the acceptance of service contemplated in Rule 4(j) must have been in existence at the time the default judgment was entered in order to constitute the equivalent of service under Rule 4(j). In the absence of proper proof of service under Rule 4(g) or an acceptance of service under Rule 4(j), the trial court was without personal jurisdiction to enter judgment against Graham. *See Roche v. Young Bros., Inc.*, 318 S.C. 207, 456 S.E. (2d) 897 (1995); *Patel v. Southern Brokers*, Ltd., 277 S.C. 490, 289 S.E. (2d) 642 (1982); *Webb v. Oberkampf Supply of Lubbock, Inc.*, 831 S.W. (2d) 61 (Tex. App. 1992).

Graham also contends the default judgment should be vacated because the statute of limitations barred the suit and because enforcement of the judgment would be unfair, unjust and unconscionable. These defenses were neither pled nor ruled upon by the trial court and are therefore not preserved for review. *Connolly v. People's Life Ins. Co.*, 299 S.C. 348, 384 S.E. (2d) 738 (1989). We may not address an issue not preserved for review. *Hendrix v. Eastern Dist., Inc.*, 320 S.C. 218, 464 S.E. (2d) 112 (1995).

Finally, Graham argues the trial court erred in accepting the acknowledgment of service under Rule 4(j) because it was procured by Langley's attorney through unethical means. While we are concerned about this assertion,[5] we may not ad-

---

[5] Graham indicates in his affidavit that he was not told what he was signing when he signed the acknowledgement of service. He further states Langley's counsel "took advantage of [him] in that he failed to fully explain the circumstances surrounding the document [he] was signing and the contents of the document [he] was signing."

dress it because the trial court made no ruling on the matter. Again, this issue is not preserved for our review. *Connolly*, 299 S.C. 348, 384 S.E. (2d) 738.

Accordingly, the order of the trial judge is reversed and the case remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

GOOLSBY and ANDERSON, JJ., concur.