**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1500

XEROX CORPORATION,

Plaintiff - Appellee,

v.

RIMM HOLDINGS, INC.; GOLD COAST, LLC, d/b/a Gold Coast Tax, LLC; JOSEPH ADJEI,

Defendants - Appellants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:20-cv-03435-GLR)

Submitted:  December 19, 2022                   Decided:  January 4, 2023

Before NIEMEYER and DIAZ, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: William A. Blagogee, LAW FIRM OF WILLIAM A. BLAGOGEE PC, Alexandria, Virginia, for Appellants.  Donald J. Walsh, Morgan T. Dilks, RKW, LLC, Owings Mills, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rimm Holdings, Inc., Gold Coast, LLC, and Joseph Adjei (collectively, Appellants) appeal the district court's order denying their motion to vacate the entry of default, denying their motion to reconsider, and entering default judgment in favor of Xerox Corp. Finding no reversible error, we affirm.

We review a district court's order declining to set aside a default for abuse of discretion. *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006). "Rule 55 of the Federal Rules of Civil Procedure provides that a court may, for good cause shown, set aside an entry of default." *Id.* (cleaned up). We have identified six factors for district courts to consider in deciding whether to set aside a default: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Id.* at 204-05.

We conclude that the district court did not abuse its discretion in denying Appellants' motion to vacate the default. The only one of these six factors that Appellants addressed in their motion was whether they had a meritorious defense. But their arguments merely regurgitated those raised in their motion to dismiss and rejected by the district court. At no stage of this case have Appellants alleged that they did not breach the contracts—at best, they dispute the amounts owed Xerox. The district court rightfully rejected these conclusory arguments as insufficient to justify setting aside the default. *See August Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988);

2

*Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 252 (4th Cir. 1967).

Appellants addressed more of the factors in their motion to file an answer out of time.[*] But Appellants filed this motion more than one month after the Clerk entered default and after the deadline the Clerk had set for Appellants to file a motion to vacate the default. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 418 (4th Cir. 2010) (finding defendant acted promptly when moving to set aside the default within nine days); *Tazco, Inc. v. Dir., Off. of Workers' Comp. Program*, 895 F.2d 949, 950 (4th Cir. 1990) (finding company acted promptly in answering a claim eight days after receiving "notification of the default award"). And while counsel accepted the blame for having difficulties with accessing the electronic docket and receiving notice, we have held a party to his counsel's failure to regularly stay apprised of the status of his case. *See Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 413 (4th Cir. 2010). Therefore, we affirm the district court's order declining to set aside the default. And we also find no abuse of discretion in the district court's order denying Appellants' motion to reconsider this order. *See Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (setting forth standard of review).

---

[*] While Appellants briefly argue that the district court erred in denying its motion to file an answer out of time, highlighting the good cause standard under Fed. R. Civ. P. 6(b), the district court conducted the proper inquiry—first addressing whether there was cause to excuse the default and, after concluding that there was not, declining to extend the time to file the answer. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk **must** enter the party's default." (emphasis added)).

Finally, Appellants challenge only one aspect of the default judgment, contending that the award of attorney's fees to Xerox did not comply with Fed. R. Civ. P. 54(d). But Appellants did not make this argument below, and we "do not consider issues raised for the first time on appeal absent exceptional circumstances." *Hicks v. Ferreyra*, 965 F.3d 302, 310 (4th Cir. 2020) (cleaned up).

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4