**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-7120

JEFFREY CORPORAL,

Plaintiff - Appellant,

v.

WARDEN WEBER; ASSISTANT WARDEN BUTLER; SECURITY CHIEF ARNOLD; F. TAYLOR, Executive Director; COMMISSIONER HILL; SECRETARY GREEN,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, Senior District Judge.  (1:20-cv-02681-DKC)

Submitted:  December 1, 2022                    Decided:  July 19, 2023

Before DIAZ, Chief Judge, GREGORY, Circuit Judge, and KEENAN, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Jeffrey Corporal, Appellant Pro Se.  Sandra Diana Lee, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Corporal, a Maryland inmate incarcerated in Western Correctional Institution ("WCI"), appeals the district court's order granting Defendants' motion to dismiss his complaint filed pursuant to 42 U.S.C. § 1983. As an initial matter, although we liberally construe Corporal's filings in deference to his pro se status, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we nevertheless confine our review on appeal to the issues raised in Corporal's informal brief, *see* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

Corporal first contends that the district court erred in granting Defendants' "belated motion" for additional time to respond to his complaint. When a filing deadline has expired, a court may extend the deadline "on motion . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Corporal contends that the district court improperly extended Defendants' response deadline after it had expired without making a finding of excusable neglect. The district court did not address Rule 6(b)(1) when it granted Defendants' motion. However, in its subsequent memorandum opinion, the court recognized the appropriate standard and reiterated the importance of compliance with deadlines. The district court nevertheless emphasized the policy preference for deciding cases on the merits and observed that Defendants ultimately had moved to dismiss within the extended deadline. Thus, we find that any error in granting Defendants' motion was harmless, *see* Fed. R. Civ. P. 61 (directing courts to "disregard all errors and defects" in a proceeding "that do not affect any party's substantial rights"), and we discern no abuse of

2

discretion in the court's order denying Corporal's related request for default judgment, *see Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.").

Next, Corporal challenges the district court's dismissal of his claim that Defendants denied him meaningful access to the courts by using an inefficient private mail delivery system, rather than the United States Postal Service (USPS), to deliver inmates' legal mail, and by severely curtailing WCI's library services in response to the COVID-19 pandemic. Corporal contends that, as a result of Defendants' actions, he lost his right to file a petition for review of the Inmate Grievance Office's ("IGO") decision in IGO case No. 202-003-50, in which he challenged the conditions of his confinement.[1] The district court found that Corporal failed to connect his ability to litigate this conditions-of-confinement claim with the alleged untimely mail delivery and, therefore, concluded that Corporal failed to state a claim.

We review de novo a district court's ruling on a motion to dismiss. *Carey v. Throwe*, 957 F.3d 468, 474 (4th Cir. 2020). To survive a Fed. R. Civ. P. 12(b)(6) motion, the plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "We take all well-pled facts to be true, drawing all reasonable inferences

---

[1] The district court mistakenly attributed the allegations Corporal raised in case No. 202-003-50 to a different grievance.

3

in favor of the plaintiff." *Carey*, 957 F.3d at 474. "[A] plaintiff need not demonstrate that [his] right to relief is probable or that alternative explanations are less likely; rather, [he] must merely advance [his] claim across the line from conceivable to plausible." *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015) (internal quotation marks omitted). Because "[a] motion to dismiss tests the sufficiency of a complaint . . . our evaluation is . . . generally limited to a review of the allegations of the complaint itself."[2] *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

"To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted). It is "established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *overruled in part on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996). That right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. As relevant here, a prisoner can raise an access-to-courts claim in aid "of specific cases that cannot now be tried . . . , no matter what official action may be in the future," i.e., a

---

[2] The district court therefore erred by considering a declaration from WCI's librarian that Defendants filed in support of their alternative request for summary judgment. *Cf. Goines*, 822 F.3d at 166 (explaining that only a limited class of documents, including documents "submitted by the movant" that are "integral to the complaint" and of undisputed authenticity, may be considered at motion to dismiss stage).

4

backward-looking access claim. *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). To state a backward-looking access claim, Corporal was required to allege that prison officials "hindered his efforts to pursue a [nonfrivolous] legal claim," *Lewis*, 518 U.S. at 351; *see id.* at 353, relating to his criminal judgment or to the conditions of his confinement, *id.* at 354-55.

Accepting Corporal's allegations as true—as we must at this stage—he filed a grievance with the IGO in which he challenged the conditions of his confinement including, *inter alia*, the allegation that he was denied blankets, sheets, and adequate clothing during the month of December. Because Defendants used a private mail system for delivering IGO decisions, Corporal received notification of the IGO's dismissal of this grievance after most of his time to petition the relevant state circuit court for review had expired. Although Corporal still attempted to submit his petition for review within the required time limits, his efforts were further frustrated by Defendants' policy for operating the prison library. As a result, he was prevented from seeking review of the dismissal of the grievance. We find that these allegations were sufficient to plausibly state a claim for relief.[3]

---

[3] We express no opinion on the ultimate merits of Corporal's access-to-courts claim.

Accordingly, we vacate the district court's dismissal of this claim and remand for further proceedings.  We affirm the remainder of the court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*
